KAMALA D. HARRIS
Attorney General of California
MICHELLE DES JARDINS
Supervising Deputy Attorney General
TIFFANY JOHNSON
Deputy Attorney General
State Bar No. 237309
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 738-9535
 Fax:  (619) 645-2581
 E-mail:  Tiffany.Johnson@doj.ca.gov
*Attorneys for Defendants*
*D. Murphy, D. Servantes, H. Ferrel, E.*
*Gaspar, M. Escobedo, R. Vasquez, I. Bravo,*
*K. Marengo, J. Warrington, and P. Adams*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JASON HARMON,** | 3:16-cv-01012-MMA-RBB |
| Plaintiff, | **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **v.** | |
| **H. FERRELL, et al.,** | Judge:      Hon. Michael M. Anello |
| Defendants. | Action Filed: 4/25/2016 |

Defendants D. Murphy, D. Servantes, H. Ferrel, E. Gaspar, M. Escobedo, R. Vasquez, I. Bravo, K. Marengo, J. Warrington, and P. Adams answer the Complaint as follows:

1.   In answer to paragraph A, Defendants admit this Court has jurisdiction.

2.   In answer to paragraph B-1, Defendants admit that Plaintiff was previously housed at Richard J. Donovan (RJD) State Prison and admit Plaintiff is currently housed at California State Prison – Sacramento.

/ / /

1

3.    In answer to paragraph B-2, Defendants admit to employment at RJD, but deny violating Plaintiff's constitutional rights.

4.    In answer to paragraph C-2, Defendants deny the allegations therein.

5.    In answer to paragraph C-3, Defendants deny the allegations therein.

6.    In answer to paragraph C-4, Defendants deny the allegations therein.

7.    In answer to paragraph C-5, Defendants deny the allegations therein.

8.    In answer to paragraph C-6, Defendants deny the allegations therein.

9.    In answer to paragraph C-7, Defendants deny the allegations therein.

10.    In answer to paragraph C-8, Defendants deny the allegations therein.

11.    In answer to paragraph C-9, Defendants deny the allegations therein.

12.    In answer to paragraph C-10, Defendants deny the allegations therein.

13.    In answer to paragraph C-11, Defendants deny the allegations therein.

14.    In answer to paragraph C-12, Defendants deny the allegations therein.

15.    In answer to paragraph C-13, Defendants admit the allegations therein.

16.    In answer to paragraph C-14, Defendants admit Plaintiff was placed into a holding cell, but deny the remaining allegations.

17.    In answer to paragraph C-15, Defendants deny the allegations therein.

18.    In answer to paragraph C-16, Defendants deny the allegations therein.

19.    In answer to paragraph C-17, Defendants deny the allegations therein.

20.    In answer to paragraph C-18, Defendants deny the allegations therein.

21.    In answer to paragraph C-19, Defendants deny the allegations therein.

22.    In answer to paragraph C-20, Defendants deny the allegations therein.

23.    In answer to paragraph C-21, Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis, deny the allegations.

24.    In answer to paragraph C-22, Defendants deny the allegations therein.

25.    In answer to paragraph C-23, Defendants admit Defendant Bravo reported to the TTA, but Defendants lack sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, deny the allegations.

26.   In answer to paragraph C-24, Defendants admit Plaintiff gave Defendant Bravo a statement, but Defendants lack sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, deny the allegations.

27.   In answer to paragraph C-25, Defendants admit that Defendant Bravo photographed Plaintiff and took his statement, but deny the remaining allegations.

28.   In answer to paragraph C-26, Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis, deny the allegations.

29.   In answer to paragraph C-27, Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis, deny the allegations.

30.   In answer to paragraph C-28, Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis, deny the allegations.

31.   In answer to paragraph C-29, Defendants deny the allegations therein.

32.   In answer to paragraph C-30, Defendants deny the allegations therein.

33.   In answer to paragraph C-31, Defendants deny the allegations therein.

34.   In answer to paragraph C-32, Defendants deny the allegations therein.

35.   In answer to "Count 2," Defendants deny the use of excessive force.

36.   In answer to Plaintiff's allegations that he was prevented from exhausting his administrative remedies, Defendants deny the allegations therein.

## AFFIRMATIVE DEFENSES

37.   Defendants assert the following separate and affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
## (QUALIFIED IMMUNITY)

Defendants are entitled to qualified immunity because there can be no constitutional violation based on the facts alleged or presented, and because Defendants' conduct did not violate clearly established law of which a reasonable person would have known.  At all relevant times, Defendants acted within the scope of discretion, with due care, with a good faith fulfillment of responsibilities pursuant to applicable statutes, rules, regulations, and practices, with the good-faith

3

belief that their actions comported with the Constitution and all applicable federal and state laws.

## SECOND AFFIRMATIVE DEFENSE
## (PRIVILEGE)

Plaintiff's claims are barred because Defendants' actions were privileged under the circumstances.

## THIRD AFFIRMATIVE DEFENSE
## (JUSTIFICATION)

Plaintiff's claims are barred because Defendants' actions were reasonable and justified under the circumstances.

## FOURTH AFFIRMATIVE DEFENSE
## (GOOD FAITH; NO MALICIOUS INTENT OR DELIBERATE INDIFFERENCE)

Plaintiff's claims are barred because Defendants' actions were at all times performed in a good-faith effort to comply with established law, including, but not limited to, California statutes and California Department of Corrections and Rehabilitation regulations, policies, and procedures.  Defendants are immune from liability because they acted in good faith and entertained an honest, reasonable belief their actions were necessary.  Defendants assert that they did not act with malicious intent or deliberate indifference to deprive any person of any constitutional right or to cause injury, and therefore are not liable.

## FIFTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE)

Plaintiff's claims for damages are barred, or should be reduced, because Plaintiff failed to exercise reasonable diligence to mitigate the nature and extent of all claims and alleged injuries.

/ / /

/ / /

4

## SIXTH AFFIRMATIVE DEFENSE
## (LEGITIMATE PENOLOGICAL GOALS)

Defendants' actions were reasonably related to advancing legitimate penological goals.

## SEVENTH AFFIRMATIVE DEFENSE
## (NO VICARIOUS LIABILITY)

To the extent any Defendants' alleged liability is based on his supervising capacity, Defendants are not liable for damages under any doctrine of vicarious liability or respondeat superior.

## EIGHTH AFFIRMATIVE DEFENSE
## (NO LIABILITY FOR CONTRIBUTORY CONDUCT)

Plaintiff's alleged injuries or damages were the result of Plaintiff's own negligent or deliberate actions.

## NINTH AFFIRMATIVE DEFENSE
## (REASONABLENESS)

Defendants acted reasonably under the circumstances.

## TENTH AFFIRMATIVE DEFENSE
## (ACT OR OMISSION OF SUBORDINATE)

To the extent that Defendants have approved or reviewed determinations or actions of any subordinate, this was done within the scope of discretion, with due care, and with a reasonable and good-faith belief that such actions were in accordance with the Constitution and laws of the United States.  Defendants are, therefore, not liable for any act or omission of any subordinate.

## ELEVENTH AFFIRMATIVE DEFENSE
## (EXERCISE OF DISCRETION)

Defendants assert they are not liable to Plaintiff for any injury or damages, if there were any, caused by an exercise of discretion.

/ / /

## TWELFTH AFFIRMATIVE DEFENSE
## (PROXIMATE CAUSE)

Any harm suffered by Plaintiff, which is denied, was the direct or proximate cause of Plaintiff's own conduct or the conduct of others and not of any wrongful conduct on the part of Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (PROBABLE CAUSE)

Defendants assert that Plaintiff's claims are barred because, at all times herein, Defendants' actions were supported by probable cause. Defendants' actions were at all times lawful and made in good faith by peace officers acting within the scope of their authority and with reasonable cause at the time of their actions.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (REASONABLE OR EXIGENT CIRCUMSTANCES)

At all relevant times, Defendants were performing their duties in a reasonable manner consistent with the circumstances that emerged and existed at the time. The actions of Defendants were reasonable and proper based upon the circumstances or exigent circumstances that existed at the time.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (ASSUMPTION OF THE RISK)

To the extent that Plaintiff suffered any detriment, the risk of such detriment was assumed by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

The Complaint fails to state any claim upon which relief can be granted.

/ / /

/ / /

/ / /

/ / /

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)**

Plaintiff's claims are barred by 42 U.S.C. § 1997e(a), in that Plaintiff failed to exhaust administrative remedies as to the Defendants and/or claims asserted in this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES)**

Because the Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendants reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues presented by Plaintiff's Complaint.

# PRAYER FOR RELIEF

Defendants pray that:

1.    Judgment be rendered in favor of Defendants against Plaintiff;

2.    Plaintiff take nothing by the Complaint;

3.    Defendants be awarded costs of suit;

4.    Defendants be awarded attorneys' fees; and

5.    Defendants be awarded any other relief the Court deems proper.

Dated:  July 18, 2016                    Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MICHELLE DES JARDINS
Supervising Deputy Attorney General


*s/ Tiffany Johnson*


TIFFANY JOHNSON
Deputy Attorney General
*Attorneys for Defendants*
*D. Murphy, D. Servantes, H. Ferrel,*
*E. Gaspar, M. Escobedo, R. Vasquez,*
*I. Bravo, K. Marengo, J. Warrington,*
*and P. Adams*

TJ:NR
SD2016701472
81402728.doc

Answer to Compl. and Demand for Jury Trial (3:16-cv-01012-MMA-RBB)

# CERTIFICATE OF SERVICE

Case Name:    **Jason Harmon v. H. Ferrel, et al.**        No.    **3:16-cv-01012-MMA-RBB**

I hereby certify that on <u>July 18, 2016</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>July 18, 2016</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jason Harmon
CDCR # AG2873
CSP-Sacramento Correctional Treatment Center
100 Prison Road
P.O. Box 290066
Represa, CA 95671

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>July 18, 2016</u>, at San Diego, California.

| N. Rodriguez | N. Rodriguez |
|---|---|
| Declarant | Signature |

SD2016701472
81407069.doc