UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON S. HARMON,<br><br>                                    Plaintiff,<br><br>v.<br><br>H. FERRELL, et al.,<br><br>                                    Defendants. | Case No.:  16-cv-1012-MMA (RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 17] AND DENYING SUPPLEMENTAL MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 30]** |

On April 25, 2016, Plaintiff Jason Harmon, currently incarcerated at California State Prison - Sacramento located in Represa, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Compl. 1, ECF No. 1).  Plaintiff alleged that Defendant Correctional Officers P. Adams, I. Bravo, M. Escobedo, Hector Ferrell, E. Gaspar, K. Marengo, D. Murphy, D. Servantes, R. Vasquez, and J. Warrington violated his constitutional rights by subjecting him to excessive force and denying him medical treatment.[1]  (Id. at 6-7.)

Harmon alleges that on February 8, 2015, Defendants Gaspar, Murphy, and Ferrell, as well as officers Salinas and Keener, used batons to strike Plaintiff "countless times" on

---

[1] In addition to the ten named Defendants who have been served, Plaintiff's Complaint mentions two other individuals, Salinas and Keener, and alleges they participated in the attack. (Compl. 6, ECF No. 1.)

his head, shoulders, arms, and legs. (Id. at 6.) Plaintiff claims that while he was bleeding and screamed for help, Defendants handcuffed, shackled, and dragged him into the sallyport. (Id.) He claims that officers Gaspar and Murphy threw him on the ground and repeatedly punched him in the head and face while Defendant Ferrell kicked him. (Id. at 7.) Plaintiff claims he was denied emergency medical care despite his requests. (Id. at 8-9.) Harmon was eventually taken to the hospital where ER physicians put staples in his scalp, placed his left arm in a splint, and administered painkillers. (Id. at 11.) Plaintiff alleges that he attempted to file a grievance about this incident, but prison officials interfered with his right by ripping up his appeal paperwork. (Id. at 12.) He claims Defendants Servantes and Warrington beat him and Defendant Escobedo struck him with a baton approximately fifteen time for trying to file a grievance. (Id. at 12-13.) Plaintiff asserts that Defendants threatened to murder him if he attempted to appeal the issues presented in this lawsuit again. (Id. at 16.)

    Plaintiff's Motion, Declaration, and Memorandum of Law in Support of Plaintiff's Motion for Appointment of Counsel was filed nunc pro tunc to July 7, 2016 [ECF No. 17]. Harmon alleges that the issues involved in the case are complex, he is unable to afford counsel, and has limited access to the law library. (Pl.'s Mot. Appont. Counsel 1, ECF No. 17.) On August 15, 2016, Plaintiff filed a Supplemental Motion[2] for Appointment of Counsel [ECF No. 30]. He argues that an appointment of counsel is required because Plaintiff was transferred to a different prison and as a result lost access to the witnesses of the alleged constitutional violations. (Pl.'s Suppl. Mot. Appoint. Counsel 1, ECF No. 30.) Harmon claims that he does not know the law and that he needs more time to read and understand because he is dyslexic. (Id. at 2.) Plaintiff asserts that he has "frequent bouts of debilitating mental illness." (Id.) He argues that a court-appointed attorney is needed because his efforts to obtain counsel have failed. (Id.)

    "[T]here is no constitutional right to appointed counsel for § 1983 claims . . . ."

---

[2] Plaintiff's Supplemental Motion was docketed on August 19, 2016.

Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981) (citing Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980)); see also Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted).  Federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." See Agyeman v. Corr. Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).  A finding of exceptional circumstances, however, requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)); see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

Any pro se litigant "would be better served with the assistance of counsel." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing Wilborn, 789 F.2d at 1331). Nevertheless, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  Id. (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better–particularly in the realms of discovery and the securing of expert testimony[]").

Plaintiff cites Johnson v. California, 207 F.3d 650, 656 (9th Cir. 2000), and argues that appointment of counsel "may be justified when proceedings will go forward 'more efficiently and effectively.'"  (Pl.'s Suppl. Mot. Appoint. Counsel 3, ECF No. 30.)  In Johnson, an African-American prisoner filed a pro se complaint alleging that the California Department of Corrections policy violated his right to equal protection under

1  the Fourteenth Amendment by assigning him cellmates on the basis of his race. <u>Johnson</u>,
2  207 F.3d at 650. The district court granted defendants' motion to dismiss, and the Ninth
3  Circuit reversed, holding that plaintiff stated a claim for racial discrimination in violation
4  of the Equal Protection Clause. <u>Id.</u> at 655. The appellate court remanded the case,
5  instructing that "[a]lthough Johnson's complaint states cognizable claims, clarity and
6  legal precision are wanting. The case will undoubtfully proceed more efficiently and
7  effectively if Johnson has legal representation." <u>Id.</u> at 656.

8       Harmon's reliance on the remark the appellate court made in that case is not
9  persuasive. Here, Plaintiff's Complaint alleged claims sufficient to survive the initial
10 screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A, and Defendants filed an
11 Answer to the Complaint [ECF No. 15]. As currently pleaded, Plaintiff's Complaint
12 demonstrates an ability to articulate essential facts supporting his claims and to identify
13 the relevant constitutional principles implicated. Harmon appears to have an adequate
14 grasp of the facts supporting his case as well as the relatively straightforward issues
15 involved. <u>See</u> <u>Terrell</u>, 935 F.2d at 1017.

16      Harmon claims that this case will become complicated because he will need to
17 depose the Defendants and other witnesses. (Pl.'s Suppl. Mot. Appoint. Counsel 3, ECF
18 No. 30.) But "the need for further factual discovery is not, by itself, sufficient to
19 establish the complexity of the legal issues." <u>Wilborn v. Escalderon</u>, 789 F.2d at 1332
20 n.5. Because Plaintiff has not satisfied the standards required for an appointment of
21 counsel under 28 U.S.C. § 1915(e)(1), his Motion for Appointment of Counsel [ECF No.
22 17] and the Supplemental Motion for Appointment of Counsel [ECF No. 30] are
23 DENIED without prejudice at this time.

25 Dated: August 22, 2016

Hon. Ruben B. Brooks
United States Magistrate Judge