# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HARMON<br>AG-2873,<br><br>                              Plaintiff,<br><br>v.<br><br>SGT. HECTOR FERREL; et al.,<br><br>                              Defendants. | Case No.:  3:16-cv-01012-MMA-RBB<br><br>**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO VOLUNTARILY DISMISS CASE WITHOUT PREJUDICE**<br><br>[Doc. No. 46] |

Plaintiff Jason Harmon, a California state prisoner proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a notice of voluntary dismissal, styled as an "emergency motion" to voluntarily dismiss this action without prejudice.  *See* Doc. No. 46.  Plaintiff indicates that he is currently in the "psyche services unit" at California State Prison – Sacramento.  Plaintiff avers that he is suicidal and "can't stop hearing him say to quit my lawsuit."  *Id*. at 1.  Plaintiff cites to Federal Rule of Civil Procedure 41(a)(1), asserting that the rule permits him to dismiss his lawsuit because Defendants have not yet filed a motion for summary judgment.

Pursuant to Rule 41(a)(1), "'a plaintiff has an absolute right to voluntarily dismiss

his action prior to service by the defendant of an answer or a motion for summary judgment.'" *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997)). While it is true that Defendants have not yet moved for summary judgment, Defendants filed an answer to Plaintiff's complaint on July 18, 2016. *See* Doc. No. 15. Under Rule 41(a)(1)(A), the filing of an answer *or* a motion for summary judgment severs a party's ability to unilaterally dismiss his case. As such, Plaintiff may not dismiss his case absent a stipulation signed by all parties, or an order of dismissal from the Court. *See* Fed R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").

A court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless the defendant shows that he will suffer legal prejudice as a result. *Smith v Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice does not result because the dispute remains unresolved, there is a threat of future litigation, or a plaintiff may gain a tactical advantage by the dismissal. *Smith*, 263 F.3d at 976. Defendants will not suffer legal prejudice from the dismissal.

However, despite Plaintiff's seemingly clear intention, the Court hesitates to dismiss this action. Plaintiff indicates that he is experiencing psychiatric trouble, and his submission to the Court is not entirely cogent. This raises some doubt regarding the credibility of Plaintiff's request. In addition, because Plaintiff is proceeding *in forma pauperis*, he will remain obligated to pay the entire filing fee incurred by commencing this action, regardless of whether he voluntarily dismisses the action. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Nevertheless, if Plaintiff wishes to dismiss his complaint and no longer proceed with this action, the Court will honor that request. Dismissal will be without prejudice to Plaintiff pursuing his claims in a future civil action.

///

1     Accordingly, the Court **GRANTS** Plaintiff's emergency motion and **DISMISSES**
2 this action **without prejudice** pursuant to Federal Rule of Civil Procedure 41(a)(2).  The
3 Clerk of Court is instructed to terminate all pending deadlines, hearings, and motions, and
4 close the case.
5     **IT IS SO ORDERED**.
6 DATE: February 24, 2017       _____
7                 HON. MICHAEL M. ANELLO
                  United States District Judge